DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## December, 1876.

---

THE GERMAN AMERICAN BANK, Plaintiff, *v.* THE PITTSTON AND ELMIRA COAL COMPANY, Defendant.

THE SAME *v.* THE MORRIS RUN COAL COMPANY AND OTHERS, Defendants.

*Attachment — fees of sheriff on — Code,* § 243 — *chap.* 415 *of* 1871 — *chap.* 26 *of* 1872.

Under section 243 of the Code, requiring the fees of the sheriff and the expenses incurred by him in preserving property held under an attachment to be settled by the officer issuing the same, an application for that purpose may be made before the justice issuing the attachment while holding a Special Term at chambers.

Section 243 of the Code, entitling the sheriff to poundage upon property seized by him under an attachment, in cases where the action is settled, to be estimated upon the amount at which such settlement is effected, is not repealed by chapter 415 of 1871, as amended by chapter 26 of 1872, prescribing the fees to be received by the sheriff for performing the services therein set forth.

APPEAL from order made by Mr. Justice DONOHUE at chambers, taxing sheriff's fees under an attachment against the above named defendants.

*D. C. Brown,* for the plaintiff, appellant.

*George Wadsworth,* for the sheriff.

DAVIS, P. J.:

The attachments in this case were issued by Mr. Justice DONOHUE. We think there was no lack of jurisdiction in him, sitting at Special Term at chambers, to entertain the motions to tax the fees and fix the allowance of the sheriff. So far as these things are required by statute to be done by "the officer who issues the attachments," the requirements of the statute were substantially complied with. The principal question is, whether the sheriff of Erie county was entitled to poundage on the sum paid upon the settlement of the judgments.

The attachments in this case were delivered to the sheriff. He attached a quantity of coal in the city of Buffalo, and took the same into his possession and control. Judgments were subsequently recovered in the attachment suits against the defendants therein. After such recovery, a settlement of the judgments was made by the general assignee of one of the defendants, by payment in the first above entitled suit of $9,657.49, and in the second of $10,110.71, being the amount of principal and interest of the judgments respectively. The assignee, at the time, and as part of the settlements, agreed to pay the sheriff's fees on the attachments. There was in fact, no collection of moneys by the sheriff on the attachments. Under the provisions of chapter 5, title 1 of part 2 of the Revised Statutes, the sheriff would not have been entitled to poundage; but by section 243 of the Code, as amended in 1865, it is provided, in substance, that the sheriff shall be entitled to poundage where a settlement shall be had; and the amount of his poundage in such cases is restricted to the sum at which such settlement is made. By chapter 415 of the Laws of 1871 (vol. 1, p. 821), as amended by the Laws of 1872 (chap. 26), the fees of sheriffs for services thereafter done and performed were prescribed and regulated for all the counties of the State, except New York, Kings and Westchester. Subdivision 4 of section 1 of the act of 1871 provides a compensation for serving an attachment for the payment of money, and fixes a poundage for collecting the money on such attachment. In this respect, the act takes the place of the provisions of the Revised Statutes. The second section of the act of 1871 declares that "all provisions of former acts fixing compensation for above services, and inconsistent with the pro-

visions hereof, are hereby repealed." The question is, whether by this repealing clause the act of 1871 has repealed the provisions of section 243 of the Code, which allows poundage upon attachments where attachments have been levied, and settlements have been afterwards made, upon the sum paid on such settlements. It is altogether probable that the legislature did not have in contemplation the provisions of section 243 of the Code, and for that reason made no express reference to that section. The question, therefore, depends upon the force to be given to the repealing section. That section repeals the provisions of all former acts fixing compensation for the services mentioned in the act of 1871 and inconsistent with the provisions thereof. Nothing whatever is said in the act of 1871 about poundage or compensation to sheriffs in cases where there is a settlement of the attachment suit. The services of the sheriff in such a case are, however, covered by subdivisions 4 and 10 of the first section of the act. But, to be within the repealing clause, the compensation for such services must not only be provided for in the preceding provisions of the act, but its allowance must be inconsistent with the provisions of the act. There is nothing in the allowance, under the act of 1871, of poundage for collections on judgments, inconsistent with an allowance under section 243 of the Code, in cases where a settlement has been made of the suit without any actual collection by the sheriff by sale or execution. All provisions for the matter is omitted in the act of 1871, and it is an exigency not therein provided for, and not inconsistent with what is provided for.

We think it may very well be said that the intention of the legislature was not to prohibit the allowances for such cases granted by section 243 of the Code. To strengthen this conclusion, it may be suggested that the fact of holding otherwise would be to prevent poundage in cases of settlement in all counties except New York, Kings and Westchester, and to allow them, under the Code, in these three counties; a distinction which we believe was not contemplated or intended by the legislature. The consequence is, that the provision of section 243, allowing poundage where settlements in such cases have been made, is still in force. The allowance in this case was made in pursuance of that provision, and at the rate therein specified. We see no reason for interfering with it.

The affidavits were, in some respects, conflicting as to the property levied upon by the sheriff, and as to the character of his levy under the attachments. The assignee of the defendants, however, is hardly at liberty to dispute the levy, as it appears in the papers that he replevied the coal from the sheriff by an action brought for that purpose; and the facts set forth in the affidavits, we think, justified the court below in the conclusion that the levy extended t > all the coal mentioned in the affidavit.

The orders should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.